UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                                         Chapter 11
                                                               Case No. 04-17881 (PCB)

**IDI CONSTRUCTION COMPANY, INC.,**

                                                               **APPLICATION**
                             Debtor.
--------------------------------------------------------X

        The application of IDI Construction Company, Inc., debtor and debtor in possession (the "Debtor"), by its attorneys, Marilyn Simon & Associates, respectfully sets forth and represents as follows:

        1.     On December 15, 2004 (the "Filing Date") the Debtor, filed a voluntary petition for liquidation under Chapter 11 of the Bankruptcy Code (the "Code").

        2.     By pleading dated January 4, 2005 the office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") herein. The Committee retained Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP (the "Platzer Firm"), as its counsel. No trustee or examiner has been appointed herein.

        3.     On the Filing Date, the Debtor filed a Plan of Liquidation (the "Plan") together with a Disclosure Statement. The Plan and Disclosure Statement have been amended in an effort to satisfy the objections of certain individual creditors. Certain owners of real property that may be account debtors have asserted objections to the amended Plan but have failed and refused to articulate changes that may satisfy them. As a result the Debtor has been unable to file a revised Plan or Disclosure Statement.

        4.     The Debtor ceased business operations at the beginning of September, 2004. The Plan provides for the complete liquidation of the Debtor's assets with proceeds to be distributed to creditors under the Plan. Debtor's counsel has been actively pursuing the collection of accounts

receivable, has commenced a number of adversary proceedings in connection therewith and has entered into a number of settlement agreements that have been approved by orders of this court.

5. Prior to the Filing Date, James Stumpf ("Stumpf"), former President of the Debtor, borrowed various sums from the Debtor that he advanced to Ted Kohl ("Kohl"), of which one million one hundred sixty five thousand dollars ($1,165,000) remains unpaid. Kohl, a former employee of the Debtor, borrowed various sums from the Debtor, of which one million thirty thousand dollars ($1,030,000) remains unpaid. Thus, the Debtor is due a total of two million one hundred ninety five thousand dollars ($2,195,000) that both the Committee and the Debtor assert constitutes property of the Debtor's bankruptcy estate.

6. In addition to its claim for repayment of the loans, the Committee asserts various claims against Kohl and Stumpf which Kohl and Stumpf have disputed, for their dealings with the Debtor and its creditors prior to the Filing Date, including, but not limited to claims for breach of fiduciary duty and claims under chapter 5 of the Code.

7. A cornerstone of the Plan was the settlement with Kohl negotiated by the Committee (the "Kohl/Stumpf Settlement") pursuant to which Kohl was to pay the Chapter 11 estate $2,395,000 in exchange for releases by the Debtor and the estate of all its claims against Strumpf and Kohl. Applicant sought approval of the Kohl/Stumpf Settlement by notice of presentment returnable June 7, 2005. Objections to the Kohl/Stumpf Settlement were filed by American Interiors, Inc., Five Boro Associates, Inc. and Precision Interiors Construction Corp. The Court took no further with regard to the Debtors motion or the objections asserted thereto.

8. Thereafter, Stumpf and Kohl were indicted by the Grand Jury for the Country of New York that was investigating certain claims made by Seele, L.P., Prestige Decorating & Wallcovering, Sage Electrical Contracting, Inc. and Acoustical Concepts (collectively, the "Complaining Creditors").

2

9. Kohl entered into a Plea Agreement dated October 11, 2005 with the District Attorney, pursuant to which Kohl agreed to plead guilty to certain felonies. Paragraph 8 of the Plea Agreement provided that Kohl pay restitution of $3 million of which $33,488 would be paid to New York State Department of Taxation and Finance, $566,512 shared by the Complaining Creditors and the balance of $2.4 million would be paid to the Platzer Firm on behalf of unsecured creditors of the chapter 11 case.

10. By application dated October 17, 2005, the Debtor sought approval of the provisions of paragraph 8 (b) of the Plea Agreement. That paragraph described the payments to be made, the releases to be issued by the Debtor and the chapter 11 estate and the grant of the power of attorney to the Platzer Firm to liquidate the assets described in paragraph 8 (b). Objections to this application were filed by

>   a. American Interiors, Inc., that, in addition to its earlier objections to the Kohl/Stumpf Settlement, objected to the provision pursuant to which the Complaining Creditors were to share in $566,512, arguing that such payment was essentially a preference to the Complaining Creditors and all creditors should share in that sum.
>
>   b. Asprey Ltd. and Seele, L.P. (did not object to the original Kohl/Stumpf Settlement) objected to the provision pursuant to which $2.4 million dollars was to be paid to the Platzer firm "on behalf of the unsecured creditors of the chapter 11 case…", arguing that since that payment was denominated "Restitution" it must only be paid to the Complaining Creditors.
>
>   c. Leslye Faith Kohl ("Leslye") (did not object to the original Kohl/Stumpf Settlement) asserted that the funds Kohl pledged to satisfy the Plea Agreement are derived from assets that the trial judge in the matrimonial action indicated should be maintained as security for Leslye pending the conclusion of the matrimonial appeals.

American Interiors, Inc., Asprey Ltd., Seele, L.P. and Leslye shall hereinafter be collectively referred to as the "Objecting Creditors".

11. This Court, unwilling to rush to judgment and concerned (as were most parties) that Kohl's assets should be liquidated, the provisions therefor put in place prior to Kohl's incarceration, and the proceeds thereof held in escrow pending a resolution of the issues, suggested that the parties enter into a stipulation, approved by all the Objecting Creditors that preserves each party's rights, if any, to the proceeds, but permits the liquidation of the assets pending a court determination of such rights. Suffice it to say that after days of negotiation and many drafts of a proposed order – all parties save Leslye, agreed to the provisions of such a stipulation. Although all of his comments were included, Leslye's counsel refused to approve the proposed order, advising that he could not suggest any changes that would satisfy Leslye. It was clear to the Debtor and the Committee that Leslye was simply unwilling to agree any provision that would permit the liquidation of assets.

12. Although the Debtor and the Committee requested a hearing prior to the sentencing date scheduled by Judge Carro, this court was fully involved with hearings in other cases and could not make any time available prior to November 28, 2005 at 9:30 a.m. the date and time scheduled by Judge Carro of the criminal court to sentence Kohl and Stumpf and to consider the plea agreements for approval.

13. Stumpf also negotiated a plea agreement with the District Attorney, a copy of which is annexed hereto as Exhibit "A". Paragraph 7 b. of Stumpf's plea agreement provides that Stumpf shall make "voluntary payments in lieu of restitution" as follows:

    a. $97,447 to be paid to New York District Counsel of Carpenters pursuant to an agreement dated February 9, 2005;

    b. $256,174 to be paid to the Mason Tenders Trust Funds pursuant to an agreement dated January 24, 2005; and

   c. $150,000 to be paid to the Platzer firm on behalf of the unsecured creditors in the Debtor's chapter 11 case, at the rate of $50,000 per year on or before the anniversary date of the plea agreement, for each of the next three years.

  14. As this court is aware, Kohl's plea agreement required Bankruptcy Court approval prior to sentencing. Since such approval could not be obtained, criminal counsel for each of Kohl and Stumpf requested that counsel for the Debtor and the Committee attend the sentencing hearing, so as to be available in the event the court required information regarding the parties' failure to obtain this courts approval of Kohl's plea agreement.

  15. Kelley Donovan, the Assistant District Attorney handling the matter, was made fully aware of the objections filed by the Objecting Creditors. In an effort to clarify the plea agreements and to make it absolutely clear that the payments to be made to the Platzer firm in each of the plea agreements was for the benefit of all the unsecured creditors and not only for the Complaining Creditors, handwritten modifications were made to Kohl's plea agreement. A copy of the revised Kohl plea agreement is annexed hereto as Exhibit "B". The parties also prepared an order approving and clarifying the plea agreements, for submission to the Hon. Gregory Carro, J.S.C. for his approval. Annexed hereto as Exhibit "C" is a copy of the order that Judge Carro entered. The order states:

> "…..the voluntary payments to be made to the Platzer Firm in lieu of Restitution as detailed in paragraph 7 (b) of Exhibit "A" [Stumpf's plea] and paragraph 8 (b) of Exhibit "B" [Kohl's plea] are not restitution for payment to the Complaining Creditors and said payments shall be held by the Platzer Firm for distribution to all creditors of the chapter 11 case of IDI Construction Company, Inc. pending in the United States Bankruptcy Court of the Southern District of New York bearing docket number 04-17881, in accordance with the provisions of the United States Bankruptcy Code, 11 U.S.C. §101, et. seq."

  16. Kohl was sentenced to serve 4 1/3 to 10 years in a medium security prison and was incarcerated immediately following the hearing. Stumpf was sentenced to probation of 5 years. Due to his incarceration, Kohl will be unavailable for any involvement in connection with

5

the sale of assets that are ultimately determined to be his, by a final order of the matrimonial court, after all appeals regarding the disposition of the marital assets are concluded. Prior to Kohl's incarceration, he executed a power of attorney in favor of Scott Levine, a member of the Platzer firm, that is being held in escrow by Barry Bohrer, Kohl's criminal counsel, subject to entry of an order of this court approving (i) paragraphs 8 (b) and (c) of Kohl's plea agreement and (ii) the provisions of the power of attorney, a copy of which is annexed hereto as Exhibit "D".

17. It is submitted that, with the clarifications made by the criminal court regarding the plea agreements, this court must overrule the objections asserted by the Complaining Creditors that seek sole rights to the Chapter 11 Funds. It is further submitted that the portion of American Interiors' objection that seeks to add the $566,512 which is to be shared by the Complaining Creditors under Kohl's plea agreement, to the Chapter 11 Funds, must also be overruled. Judge Carro's order makes it clear that the $566,512 does represent Restitution to the Complaining Creditors and may only be shared by them.

18. Applicant believes that the foregoing result complies with the law and is the only reasonable, fair and equitable method to deal with the objections. The criminal court order approving the plea agreements as well as the plea agreements themselves, clearly differentiate between the amounts to be paid as restitution to the Complaining Creditors and the proceeds that comprise the Chapter 11 Funds.

19. The criminal court certainly has the sole jurisdiction to mete out restitution to the Complaining Creditors. This court has the sole jurisdiction to determine rights to the Chapter 11 Funds. The amount of the Chapter 11 Funds is directly related to the loans made by the Debtor to Kohl and Stumpf. Kohl's plea agreement provides that the repayment of the loans "…will constitute full satisfaction, settlement and discharge of any and all claims of the Debtor and claims

of the Bankruptcy Estate" against Kohl, which mirrors the language in the proposed Kohl/Stumpf Settlement. The proposed release is exclusive of any claims arising from the Debtor's dealings with Glenrock Construction LLC ("Glenrock") and any claims by third parties against Kohl.

20. Approval of the plea agreements and the power of attorney does not cut off the rights of any creditor to assert, in this court, a superior claim to the Chapter 11 Funds under the Bankruptcy Code. It does, however, eliminate the argument of the Complaining Creditors that the Chapter 11 Funds constitute Restitution and therefore, **must** be paid to them. It is absolutely essential to the Chapter 11 case that the plea agreements and the power of attorney be approved. Failing such approval the power of attorney will not be released to the Platzer firm and the estate will be unable to provide for the sale of the assets that the matrimonial court ultimately determines to be Kohl's.

21. Annexed hereto as Exhibit "E" is a proposed order for this court's review approving the plea agreements and the form of the power attorney. The order permits the Objecting Creditors to retain the right to assert all claims to the Chapter 11 Funds, except the claim that the Chapter 11 Funds constitute Restitution, payable only to the Complaining Creditors.

22. Applicant has scheduled a hearing on this motion for January 12, 2006 at 2:30 p.m., the date and time other matters in this case are to be heard. The Debtor proposes to give notice of this application to the Office of the United States Trustee, counsel to the Committee, Gutman & Gutman, Attorneys for Precision Decorating & Wallcovering, DLA Piper Rudnick Gray Cary US LLP, Attorneys for Seele, L.L.P., Sage Electrical Contracting Inc., Acoustical Concepts, Inc., Kelley Donovan, Esq. Ass't District Attorney, County of New York, Asprey Ltd, American Interiors, Inc., Leslye Faith Kohl and all parties who filed requests for notice. Applicant submits that such notice satisfies the requirements of the Code, the Bankruptcy Rules and the Local Rules of this Court.

23. The Debtor respectively requests that the Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Bankruptcy Rules that any motion filed shall be accompanied with a memorandum of law. This application does not raise a novel issue of law. Accordingly, the Debtor submits that a waiver of Rule 9013-1(b) requirement is appropriate in this circumstance.

24. No other application for the specific relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully seeks entry of the order approving the provisions of paragraph 8 (b) of the Kohl plea agreement and paragraph 7 of the Stumpf plea agreement in the form annexed hereto as Exhibit "E" and for such other relief and further as this Court may deem just and proper.

Dated: New York, New York
      December 7, 2005

IDI CONSTRUCTION COMPANY, INC.
Debtor and Debtor in Possession
By its Attorneys,
MARILYN SIMON & ASSOCIATES

By: /s/Marilyn Simon
Marilyn Simon (MS 6537)
110 East 59th Street, 23rd Floor
New York, NY 10022
(212) 759-7909