## PLEA AGREEMENT

1.  This is the plea agreement between the District Attorney of the County of New York ("the District Attorney") and defendant Theodore "Ted" Kohl. This memorandum of agreement constitutes the entire agreement between the District Attorney and Ted Kohl. There are no promises, agreements, or conditions, express or implied, other than those set forth in this document. No modification, deletion or addition to this agreement will be valid or binding on any party unless put into writing and signed by all parties.

2.  Ted Kohl shall plead guilty to the crime of Grand Larceny in the Second Degree, in violation of Penal Law Section 155.40, a Class C felony, contained under count number 1 of Indictment 2705/05 in full satisfaction of all charges contained in Indictment 2705/05. Ted Kohl shall also plead guilty to Specification 1 of the Violation of Probation filed by the Department of Probation with respect to his sentencing under Indictment 5751/95.

3.  Upon Ted Kohl's guilty plea, he will allocute under oath to the following facts:

> Between the dates of March 12, 2003 and April 30, 2004, I worked for IDI Construction Company, Inc., a construction manager, on a project IDI was performing for Asprey Limited in New York County. During that time period, I intentionally aided IDI in submitting a false and misleading invoice for payment to Asprey, on which Asprey relied in issuing payment in excess of $50,000 to IDI. During the course of the project, IDI received monies from Asprey, which were entrusted to IDI for the benefit of SEELE, Prestige Decorating & Wallcovering, Sage Electrical Contracting, Inc., and Accoustical Concepts. However, the funds were not paid to the subcontractors, in violation of the New York Lien Law.

4.  a.  Ted Kohl shall also waive indictment and plead guilty under a Superior Court Information to two counts of Filing a Fraudulent Return and substantially understating tax liability, a class E felony under New York State Tax Law §1804(b) relating to the filing of a false New York State Resident Income Tax Returns (IT-201) for the years 2000 and 2001 with intent to evade more than $1,500 in personal income tax.

    b.  At the time of the plea, Ted Kohl will allocute under oath regarding the following facts:

> On or about October 6, 2001, with intent to evade income tax, I knowingly and intentionally submitted a false personal New York State

1

Resident Income Tax Return (IT-200) for the 2000 tax year to the New York State Department of Taxation and Finance. I did so with the knowledge that the return was false and that the return substantially understated my tax liability in excess of $1,500.00.

On or about October 14, 2002, with intent to evade income tax, I knowingly and intentionally submitted a false personal New York State Resident Income Tax Return (IT-200) for the 2001 tax year to the New York State Department of Taxation and Finance. I did so with the knowledge that the return was false and that the return substantially understated my tax liability in excess of $1,500.00.

5. At the time of his pleas, Ted Kohl shall waive all rights of appeal or review whatsoever and withdraw all motions pending related to Indictment 2705/05.

6. At the time of his pleas, Ted Kohl will admit that he is a second felony offender, pursuant to Penal Law section 70.06(1)(a), for his January 19, 2001 conviction for Offering a False Instrument for Filing in the First Degree, Penal Law section 175.35, under Indictment 5751/95.

7. At the time of his pleas, this agreement shall be made part of the record and the parties will request the Courts' approval thereof. This agreement will become effective only if both Justice Edward J. McLaughlin and Justice Gregory Carro agree to impose the sentences set forth in this agreement.

8. Upon the guilty plea by Ted Kohl to indictment 2705/05, the District Attorney and defendant Ted Kohl will jointly recommend to the Court that Ted Kohl be sentenced to a term of imprisonment of three to six years, and that Ted Kohl make ~~restitution~~ [*payments KD*] in the amount of three million dollars ($3,000,000). The ~~restitution~~ shall be paid on or before the date of sentencing, and as follows:

[handwritten margin note: *voluntary payments in lieu of restitution KD BB*]

    a. $600,000 by assignment of the bail funds deposited by Kohl on behalf of Kohl and James Stumpf in connection with the original criminal complaint against them, paid to the District Attorney's Office for payment of restitution in the amount of $33,488 to the New York State Department of Taxation and Finance, as required under section (@) infra., and the remainder to be shared by the complaining creditors set forth in indictment 2705/05. KD

    b. $2,400,000 dollars (the "Chapter 11 Funds") to be paid to Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP (the "Platzer Firm") on behalf of the Unsecured Creditors in the Chapter 11 case IDI Construction Company, Inc. (the "Debtor"), Attention: Scott K. Levine, a partner. Such payment will constitute full satisfaction, settlement, and discharge of any and all claims of the Debtor and claims of the Bankruptcy Estate. The Chapter 11 Funds shall be held by the Platzer Firm in escrow at interest, subject to entry of an order approving the settlement with Ted Kohl by the Bankruptcy Court. Such order shall be

entered into on or before the date of sentencing. The Chapter 11 Funds shall be paid by Kohl as follows:

i. $500,000 dollars presently held by Marilyn Simon & Associates, the Debtor's bankruptcy counsel, together with interest earned thereon.

ii. $1,000,000 to be derived from the sale of Kohl's interest in TLH-B-1, L.P. (the "LP Interest") in a limited partnership that owns real estate in London, England in accordance with the letter of intent with H&L Sokoloff Development, Inc. ("Sokoloff") dated August 1, 2005, a copy of which is annexed hereto as Exhibit "A". The letter of intent provides for a closing date of November 1, 2005[1].

iii. $900,000 to be derived from the sale of Kohl's apartment no. 37F at 425 East 58th Street, New York, New York. Annexed hereto as Exhibit "B" is *[see rev.]* a copy of the brokerage agreement entered into with ~~Brown Harris~~ as broker, together with a present assignment of $900,000 of the proceeds of sale of apartment to the Platzer Firm.

c. In the event that any of these assets are not liquidated pursuant to terms of this agreement and bankruptcy settlement prior to sentencing, Ted Kohl hereby grants power of attorney to the Platzer firm to liquidate these assets and distribute the assets pursuant to the terms of this agreement and bankruptcy settlement. Furthermore, Ted Kohl will pay any mandatory surcharges imposed by the Court pursuant to Penal Law §60.35(1)(a). *to be executed separately prior to sentencing. BB TK*

9. Upon the guilty plea by Ted Kohl to the Violation of Probation on Indictment 5751/95, the District Attorney and defendant Ted Kohl will jointly recommend to the Court that Ted Kohl be resentenced to a term of imprisonment of one and a third years to four years. Said term of imprisonment is to run consecutively to the term of imprisonment imposed under paragraph 8 above.

10. Upon the guilty plea by Ted Kohl to the Supreme Court Information number 5147/05, the District Attorney and defendant Ted Kohl will jointly recommend to the Court that (i) Ted Kohl be sentenced to a term of imprisonment of one and one half years to three years, to run concurrently with the term of imprisonment imposed under paragraph 8 above, and (ii) that Ted Kohl make restitution in the amount of thirty three thousand and four hundred and eighty eight dollars ($33,488) representing the tax amount

---

[1] Kohl was awarded the LP Interest by the final order of the Matrimonial Court where Kohl's divorce is pending. Kohl's former wife has refused to sign the document reassigning the LP Interest to Kohl and there is presently pending a motion in the Matrimonial Court seeking an order directing his former wife to assign the LP Interest to Kohl or deeming the assignment accomplished by virtue of an order of the Matrimonial Court. Pending entry of the court order, Kohl is to execute an assignment of the LP Interest to Sokoloff, but the closing can not occur until the LP Interest has been assigned to Kohl. *This applies to the property listed in paragraph 8(b)(iii) above.* BB TK

3

due for the tax years 2000 and 2001 to the New York State Department of Taxation and Finance.

11. Ted Kohl further agrees to meet with the District Attorney's Office and assist in the continuing investigation.

12. The District Attorney agrees that the above disposition is in full satisfaction of all crimes, excluding crimes of violence and the sale or possession of a controlled substance, committed by Ted Kohl that the District Attorney has knowledge of as of the date of the signing of this agreement and in full satisfaction of the New York State Department of Tax and Finance referral dated May 19, 2005.

13. This plea agreement will take effect only upon the entry of a guilty plea by James Stumpf, pursuant to plea agreement between the District Attorney and James Stumpf, to the crime of Grand Larceny in Third Degree as set forth in Count Five (5) of Indictment number 2705/05, in full satisfaction of all charges contained in Indictment number 2705/05.

14. Subject to the provisions of paragraph 7, it is understood that this agreement binds only the District Attorney and Ted Kohl.

Dated: **October 11, 2005**
New York, New York

_____
Ted Kohl, Defendant

_____
Barry A. Bohrer, Esq.
Attorney for Defendant Ted Kohl

_____
Kelly L. Donovan
Assistant District Attorney

4